1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHRISTOPHER DILLON, | 3:18-CV-0511-MMD-VPC |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** **OF U.S. MAGISTRATE JUDGE** |
| PATRICIA ERICKSON, *et al.,* | |
| Defendants. | |

11    This report and recommendation is made to the Honorable Miranda M. Du, United

12 States District Judge.   The action was referred to the undersigned Magistrate Judge

13 pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

14    On October 25, 2018, plaintiff submitted a notice of intent to file a civil rights case

15 (ECF No. 1).   However, plaintiff did not file a complaint or an application to proceed *in*

16 *forma pauperis.* (*Id.*)

17    On January 18, 2019, the court ordered plaintiff to file a complaint and to either pay

18 the filing or submit an application to proceed *in forma pauperis* within thirty days (ECF No.

19 3).   Plaintiff was cautioned that failure to do so may result in dismissal of this action.   (*Id.*)

20 Plaintiff failed to respond to this court's order.

21    District courts have the inherent power to control their dockets and "[i]n the exercise

22 of that power, they may impose sanctions including, where appropriate . . . dismissal" of a

23 case. *Thompson v. Hous. Auth. Of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

24 A court may dismiss an action, with prejudice, based on a party's failure to prosecute an

25 action, failure to obey a court order, or failure to comply with local rules.   *See Ghazali v.*

26 *Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule);

27 *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply

28

1   with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41

2   (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to

3   keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th

4   Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan,* 779

5   F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply

6   with local rules).

7       In determining whether to dismiss an action for lack of prosecution, failure to obey

8   a court order, or failure to comply with local rules, the court must consider several factors:

9   (1) the public's interest in expeditious resolution of litigation; (2) the court's need to

10  manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

11  disposition of cases on their merits; and (5) the availability of less drastic alternatives.

12  *Thompson*, 782 F.2d 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130;

13  *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

14      Here, the court finds the first two factors, the public's interest in expeditiously

15  resolving this litigation and the court's interest in managing the docket, weigh in favor of

16  dismissal.   The third factor, risk of prejudice to defendants, also weighs in favor of

17  dismissal, since a presumption of injury arises from the occurrence of unreasonable delay

18  in filing a pleading ordered by the court or prosecuting an action.   *See Anderson v. Air*

19  *West*, 542 F.2d 522, 524 (9th Cir. 1976).   The fourth factor – public policy favoring

20  disposition of cases on their merits – is greatly outweighed by the factors in favor of

21  dismissal discussed herein.   Finally, a court's warning that his failure to obey the court's

22  order will result in dismissal satisfies the "consideration of alternatives" requirement.

23  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d 1424.   The

24  court's order requiring plaintiff to file a complaint and file an application to proceed *in forma*

25  *pauperis* or pay the full filing fee within thirty days expressly stated:   "If plaintiff does not

26  timely comply with this order, dismissal of this action may result."   (ECF No. 3).   Thus,

27

28

plaintiff had adequate warning that dismissal would result from his noncompliance with the court's order to file a complaint and pay the filing fee within thirty days.

Based upon the foregoing, the undersigned magistrate judge recommends that this action be dismissed without prejudice.

The parties should be aware of the following:

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.    This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

RECOMMENDATION

For the reason stated above, the undersigned Magistrate Judge recommends that the District Court enter an order **DISMISSING** this action without prejudice.

DATED:   October 16, 2019.

_____
UNITED STATES MAGISTRATE JUDGE